JUN 2 8 2012



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 26, 2012

Miriam Conrad, Esq.
Catherine Byrne, Esq.
Office of the Federal Defender
51 Sleeper Street, 5th Floor
Boston, MA 02110

> FILED IN
> OPEN COURT
> ~~July 20, 2012~~

   Re: United States v. Rezwan Ferdaus,
      Criminal No. 11-10331-RGS

Dear Counsel:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Rezwan Ferdaus ("Defendant"), in the above-referenced case. The Agreement is as follows:

   1. Change of Plea

   At the earliest practicable date, Defendant shall plead guilty to Counts One and Five of the above-referenced Indictment: (1) attempting to damage and destroy a federal building (the Pentagon and U.S. Capitol Building) by means of an explosive, in violation of 18 U.S.C. §844(f)(1) (Count One); and (2) attempting to provide material support to terrorists knowing and intending that it would used in preparation for and carrying out a violation of 18 U.S.C. §1114, in violation of 18 U.S.C. §2339A (Count Five). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Five of the Indictment, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.

   The U.S. Attorney agrees to dismiss Counts Two, Three, Four, and Six of the Indictment following the imposition of sentence at the sentencing hearing.

### 2. Penalties

Defendant faces the following maximum penalties for Counts One and Five of the Indictment:

Count One - Defendant faces a minimum mandatory sentence of 5 years' imprisonment and a maximum of 20 years in prison. Defendant also faces three years of supervised release, a fine of $250,000, and a mandatory special assessment of $100.

Count Five - Defendant faces a maximum penalty of 15 years in prison, a life term of supervised release, a fine of $250,000, and a mandatory special assessment of $100.

### 3. Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

### 4. Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

With respect to the application of the United States Sentencing Guidelines on Count One:

   (i)    in accordance with USSG §2K1.4(a), Defendant's base offense level is 24 because the offense created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly, and/or because it involved the attempted destruction of a government facility or place of public use.

With respect to the application of the United States Sentencing Guidelines on Count Five:

   (i)    in accordance with USSG §§2X2.1 and 2A2.1, Defendant's base offense level is 33; and

   (ii)   in accordance with USSG §3A1.4 (the terrorism enhancement), the Defendant's offense level of 33 would be increased by 12 levels (and Defendant's criminal history category is increased to VI) resulting in an

2                                                  *8.04.11*

Case 1:11-cr-10331-RGS   Document 55   Filed 07/20/12   Page 3 of 8

adjusted offense level of 45, which carries a guideline range of life, because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism.

There is no agreement with respect to grouping but it does not matter because the total offense level is 45 regardless of whether the counts are grouped. If the counts are grouped together pursuant to USSG §3D1.2(b), on the ground they involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, the applicable offense level would be 45 because it is the highest offense level of the two counts. *See* USSG §3D1.3(a). If the offenses are not grouped, the offense level would still be 45 because the offense level for Count One, 26, is 9 or more levels less serious than 45, the offense level for Count Five, and is therefore disregarded. *See* USSG §3D1.4(c). The applicable adjusted offense level therefore is 45.

In accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

      (a)     Fails to admit a complete factual basis for the plea;

      (b)     Fails to truthfully admit his conduct in the offenses of conviction;

      (c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (d)     Fails to provide truthful information about his financial status;

      (e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

      (g)     Intentionally fails to appear in Court or violates any condition of release;

*8.04.11*

    (h)      Commits a crime;

    (i)      Transfers any asset protected under any provision of this Agreement; or

    (j)      Attempts to withdraw his guilty plea.

## 5.  Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)      incarceration for a period of 204 months;

    (b)      a fine in an amount to be determined by the Court;

    (c)      120 months of supervised release; and

    (d)      a mandatory special assessment in the amount of $200.

## 6.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

## 7.  Waiver of Right to Appeal and to Bring Other Challenge

    (a)      Defendant has conferred with his attorney and understands that he has the right to challenge his convictions in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his convictions in a future (collateral) proceeding, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right he has to challenge his convictions on direct appeal or in any future proceeding.

    (b)      Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in

4         *8.04.11*

future (collateral) proceedings such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release or fines) on direct appeal and in a future (collateral) proceeding such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Furthermore, Defendant waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the Sentencing Guidelines are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's criminal history category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or collateral proceeding even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.     Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

9.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

10.     Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject

5                                                               *8.04.11*

the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

## 11. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

## 12. Forfeiture

Defendant hereby waives and releases any claims he may have to any vehicles, currency, guns, explosives, mobile phones, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

## 13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties,

whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney B. Stephanie Siegmann.

Very truly yours,

JACK W. PIROZZOLO
Acting United States Attorney

By: 

JAMES F. LANG
Chief, Criminal Division
JOHN T. McNEIL
Deputy Chief, Criminal Division

7                                                       *8.04.11*

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Rezwan Ferdaus
Defendant

Date: 07/05/12

I certify that Rezwan Ferdaus has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Miriam Conrad
Catherine Byrne
Attorneys for Defendant

Date: 7/5/2012

8

8.04.11